17 P.(2d) 936

## VIGIL v. AMERICAN INS. UNION.

### No. 3603.

Supreme Court of New Mexico.

Oct. 20, 1932.

Hugh B. Woodward, of Albuquerque, for appellant.

Easterwood & Thompson, of Clayton, for appellee.

WATSON, J.

American Insurance Union, a fraternal benefit society, suffered judgment on a certificate providing for a death benefit. It appeals.

In the application for the insurance, the insured answered that she was not pregnant. She was in fact then pregnant, and her death occurred from cerebral embolism at the ensuing childbirth. This is the defense.

The trial court found that the insured did not know herself to be pregnant when she made the application, or at any time before delivery of the certificate. It found also that appellant relied on the answer, had no knowledge of its incorrectness until after the death of the insured, and would not have issued the certificate otherwise.

The certificate recites, as consideration for its issuance, a warranty that every answer in the application "is full, complete and true, and . * * * that they are the only statements and answers upon which the contract is made." This is pursuant to the same language in the application signed by the insured, which also contains this: "It is understood and agreed between the applicant and his beneficiaries and the American Insurance Union, that this application for membership consisting of Parts One and Two and the covenants and warranties recorded therein are made for the purpose of inducing the American Insurance Union to receive me into beneficial membership in said Society and should any of said covenants and warranties made be false or untrue in any particular then the policy issued in consequence of this application for membership shall be null and void and said Society shall not be liable to me or my beneficiary or beneficiaries thereunder."

Here is a plain contract warranting nonpregnancy of the insured and staking the validity of the contract on such warranty. The materiality of the warranty cannot be doubted under the stipulation and findings. How can we escape enforcing it?

It is the general rule, as we understand, that a false warranty as to health or physical condition, though not intentionally false, will defeat recovery, particularly if material to the risk. 45 C. J. 81. This rule has been modified by statute; in most states as to ordinary insurance, in some as to fraternal benefit insurance. The familiar statute does not really change the rule of law. Exercising the state's regulatory power over business charged with a public interest, it requires the insurer to stipulate in its contract that statements not fraudulently made will be deemed representations. It requires that no statement be deemed a part of the contract unless incorporated in a written application and unless a copy thereof be indorsed on or attached to the policy. Comp. St. 1929, § 71-161 (2), (4).

But, on principles of distinction recently considered in Bloodgood v. Woman's Benefit Association, 36 N. M. 228, 13 P.(2d) 412, our legislative policy as to fraternal benefit insurance is different. It is "regulated and controlled" by a special statute. Comp. St. 1929, § 71-301 et seq. It is exempted "from all provisions of the insurance laws." Id. § 71-304. The right to contract as to such insur-

ance is differently modified. As to warranties and representations, such right is left free. Where the insurance law is unfavorable to making the application a part of the contract, the fraternal benefit law requires incorporation in the certificate of a provision that the application and medical examination shall be a part of the contract, as well as the charter, the constitution, and laws of the society and amendments thereto. Id. § 71-308. It must be plain that the Legislature considered the two kinds of insurance so different in organization and working as to require regulation on different principles and in different particulars.

■■ Thus far our conclusion is in accord with the views of the learned trial judge; he having announced that, if the case were governed by the provisions of Comp. St. 1929, c. 71, art. 3, appellant's defense would be good. He held, however, that that article, being Laws 1921, c. 197, had been repealed by Comp. St. 1929, c. 71, art. 1, being Laws 1925, c. 135. Applying the provisions of article 1, and particularly of section 71-161 (2), (4), he concluded that, since the statement of nonpregnancy was not fraudulently made, it was a representation rather than a warranty, and that, since no copy of the application was attached to or indorsed on the certificate, the latter constituted the entire contract.

This holding is based upon a very peculiar repealer, reading as follows: "All laws or parts of laws relating to the subject of insurance now existing in the state of New Mexico are hereby repealed, except section sixty-four, chapter XCIII, Session Laws of 1923, being 'An act to provide for the incorporation and organization of mutual domestic fire, hail and tornado insurance companies;' and section seventy-seven, chapter LXXXIII, laws of 1917, being 'An act providing for compensation of workmen engaged in certain occupations, and, in case of death, their dependent families, for personal injuries sustained in the course of employment such workmen, and establishing liability of employers on account thereof, and requiring security for payment, and providing legal proceeding for the recovery of the same;' and section seventeen thereof as amended and re-enacted by chapter CLXXXIV in 1921; and section eighteen thereof as amended and re-enacted by chapter CLXXXIV in 1920; and section seventy-nine, chapter XLIII, laws of 1921, being 'An act providing for the issuance of certificates for the payment of sick, death or annuity benefits upon the lives of children between the ages of one and eighteen years, by fraternal beneficiary associations;' and section eighty, chapter CXCVII, laws of 1921, being 'An act for the regulating and control of fraternal benefit societies.'" Comp. St. 1929, § 71-176.

Laws 1923, c. 93, contains twenty-four sections and no section 64; Laws 1917, c. 83, twenty-four sections and no section 77; Laws 1921, c. 43, five sections and no section 79; Laws 1921, c. 197, thirty-two sections and no section 80. The sections enumerated being excluded from the repeal of "all laws or parts of laws relating to the subject of insurance, * * *" and being unable to identify the exceptions, the court held that there had been

a total repeal of the act regulating fraternal benefit societies. The same fate would, of course, overtake the acts relating to benefit certificates upon the lives of children, to workmen's compensation, and to fire, hail, and tornado insurance.

Appellant now brings forward a pamphlet entitled "Insurance Laws of the State of New Mexico, Containing All of the Enactments to Date, Published by State Bank Examiner, Insurance Department, Santa Fé, December, 1923." This work is arranged in consecutive sections. Section 64 of this compilation includes the whole of Laws 1923, c. 93; section 77, the whole of Laws 1917, c. 83; section 79, the whole of Laws 1921, c. 43; section 80, the whole of Laws 1921, c. 197.

Appellant asks that we take judicial notice of this compilation, consider that it explains the otherwise inexplicable section numbers in the repealer, and conclude that the act regulating fraternal benefit societies, the Workmen's Compensation Act, and the two other acts come within the exception to the repeal of "all laws * * * relating to * * * insurance. * * * "

Appellee objects that we cannot consider this proposition, since it was not presented in the trial court. The familiar rule invoked by appellee has no application here. The matter ruled on below and here for review is the repeal vel non of the Fraternal Benefit Act, a question of law. We are not here restricted by the scope of the argument below. It would be strange indeed if this court must acquiesce in erroneous statutory construction merely because a controlling consideration was not discovered by counsel in time to avoid the original error.

Appellee also objects that the compilation should not be judicially noticed. We incline to the view that it should be, for such a purpose as this. However, we leave that matter open. We think it well to review the decision as made, upon the face of the repealer. It seems to us to involve an unsound principle of statutory construction.

Assuming it to be impossible to identify the numerous statutory provisions relating to insurance, intended to be preserved, it is the repealer as a whole that fails, not merely the exceptions. Until we have ascertained what the Legislature intended to continue in force, we have not identified what it intended to dispense with. To hold otherwise we must indulge a presumption of repeal. This the courts will not do. To hold all laws relating to insurance repealed, without exception, is manifestly contrary to the legislative purpose, and is an impossible result. If to reject the attempted repealer entirely might to some extent miss the true intent, it would result from the failure of the enacting and repealing authority to express its purpose clearly. If the court must indulge conjecture, it must be in favor of continuance of existing law. Repeals by implication are not favored. In a case of doubt as to the scope of an express repeal, we are necessarily driven to the principles governing implied repeals.

Other considerations argue strongly against a conclusion of repeal. These we shall not

notice, content to rest the matter on what we have said.

Appellee does not concede that the failure to repeal article 3 is conclusive against the applicability of article 1, § 71-161 (2), (4). But, the earlier act being comprehensive, and expressly providing (section 4 [Comp. St. 1929, § 71-304]) " * * * such [fraternal benefit] societies shall be governed by this act, and shall be exempt from all provisions of the insurance laws of this state, * * * " and it being stipulated that appellee is authorized to do, and is doing, business in this state, under and in accordance with it, we think that the rights of the parties must be settled according to its provisions.

These questions being answered favorably to appellant, the stipulation of counsel and findings of fact are fatal to recovery on this certificate.

The judgment must be reversed. The cause will be remanded, with a direction to give judgment for appellant. It is so ordered.

BICKLEY, C. J., and SADLER and HUDSPETH, JJ., concur.